The motion will be overruled, and the judgment affirmed.

*Outcalt & Foraker* and *Smith Hickenlooper,* for plaintiff in error.

*E. S. Aston,* for defendant in error.

---

### AFFIDAVITS OF BIAS AND PREJUDICE.

[Circuit Court of Richland County.]

STATE, EX REL WULLE, v. DARIUS DIRLAM.

Decided, January, 1906.

*Constitutional Law—Section 550—Relating to Affidavits of Bias and Prejudice—Effect of Affidavit—Purpose of Judge to Disregard— Mandamus and Injunction.*

1. The provision found in Section 550, for the filing in certain cases of affidavits of bias and prejudice against a common pleas judge, is not an abridgement by the Legislature of the powers and rights of the judiciary, nor an interference with the proper administration of justice, and is constitutional.

2. The effect of filing such an affidavit against a common pleas judge is to disqualify him from presiding at the trial of the cause, and a declaration by the judge in open court of his intention to proceed with the trial, notwithstanding the filing of the affidavit, is sufficient ground for a proceeding in mandamus and injunction.

TAGGART, J.; DONAHUE, J., and McCARTY, J., concur.

Mandamus.

This proceeding in mandamus and injunction is brought to require the defendant to refrain from hearing and to pass a certain cause pending in the court of common pleas, wherein the relator is a party, to another judge of this judicial district by reason of the fact that an affidavit of prejudice was filed in the action purporting to disqualify all the judges of the subdivision in which the county of Richland is situate.

The only questions necessary for the court to pass upon are: First, is the affidavit which was filed in December, 1905, sufficient under the statute as construed in a recent decision of the Supreme Court; and second, does the evidence show that the defendant, with knowledge of the filing of this affidavit, had the purpose and intention to go on and hear the case, notwithstanding the filing of said affidavit, and refused to pass the case to another judge or permit another judge to hear said cause.

As to the first question, it is contended by the defendant that the force and effect of the affidavit is to interfere with the proper administration of justice; the effect of Revised Statutes, 550, is an attempt on the part of the Legislature to abridge the power and functions of a co-ordinate branch of the government; that the Legislature can not so abridge nor interfere with the judiciary, and that, in consequence thereof, he was entitled to disregard the filing of this affidavit.

While the question may be a serious one, yet we are inclined to follow what we believe to be the safer rule of holding that the statute is not an abridgment of the rights or powers of the judiciary by the Legislature, but simply a provision for a litigant to have what is in substance a change of venue; instead of transferring the case to another jurisdiction, it retains the case in the jurisdiction where the action is brought, but provides for another judge to hear and determine the cause. This statute, as we view it, does not rob the court of any of its powers or jurisdiction to hear and determine the cause, but simply provides that another judge than these disqualified by the statute shall preside in the hearing of the case when tried.

True, in the opinion of *Wolfe* v. *Marmet*, 72 Ohio St., 578, 583, the judge announcing that opinion declares that the question of the constitutionality of this statute is still a mooted one in Ohio, and one of serious import, and it is perhaps true that the question has never been fairly and fully determined by our Supreme Court, yet the Supreme Court of Ohio has, in various other cases, particularly *State* v. *Shaw*, 43 Ohio St., 324, given effect to this statute, and has held that mandamus would lie to compel the clerk to proceed under it, so that the legal effect of such a decision by the Supreme Court is, that the statute itself

is constitutional; otherwise no such writ ought to have been allowed, notwithstanding the direct question was not raised in the case, yet it was necessarily there, and if the statute was void and unconstitutional, the order was clearly wrong.  So that a court of inferior jurisdiction ought not to hold that the Supreme Court did not understand the effect of its decision, and did not give due consideration to all questions in the case whether they were raised upon paper or not, and we think, from the reading of these cases, that judicial subordination requires us to hold this statute constitutional, and that the Supreme Court only should disturb the effect of these decisions.  In our opinion the affidavit fills the provisions of the statute and is sufficient.

As to the second question, the testimony in the case, and notably the statement in open court of the defendant that it was his purpose and intention to hear the case and determine the same irrespective of the affidavit, places beyond a peradventure and sets at rest all questions involved in the second branch of this case.  We think that upon the filing of this affidavit the judges of the subdivision in which the county of Richland is located, were disqualified from hearing this case, and the only duty in respect to such case upon being informed of the filing and existence of the affidavit, was to pass the case, and refuse and decline to hear the same.  By the provisions of this statute, it was the duty of the clerk to certify the filing of this affidavit to the presiding judge, unless he were one of those disqualified, in which event the same was to be certified to some other judge of the district.

It being admitted by the defendant that he refused so to pass the case and unqualifiedly insisted upon hearing the same, we think that a peremptory writ should issue commanding and requiring him to pass said case, and not hear and determine the same.

*Cummings, McBride & Wolfe,* for plaintiff.

*Darius Dirlam,* for defendant.